IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID BYRON ASHCRAFT | § | |
| v. | § | CIVIL ACTION NO. 6:08cv334 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Petitioner David Ashcraft, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the failure of prison officials to release him to parole or mandatory supervision. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ashcraft is serving a sentence of life imprisonment for the offense of burglary of a habitation, which offense occurred on July 25, 1986, and for which the sentence was imposed on April 12, 1988. He says that the law in effect at the time of the offense called for annual parole reviews, but that he has recently received a three-year set-off for parole, and that he did not receive a statement of the reasons for which parole was denied. He argues that because of a change of law in 1987, he has a constitutionally protected liberty interest in release on parole. Ashcraft also says that he is supposed to be released on mandatory supervision after he served 20 calendar years, but that he has not been so released.

The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed, to which Ashcraft has responded. After review of the pleadings, the Magistrate Judge issued a Report on June 8, 2009, recommending that the petition be dismissed. The Magistrate Judge cited Fifth Circuit authority in concluding that Ashcraft did not have a liberty interest in release on parole,

1

and Supreme Court authority in concluding that the change from annual parole reviews to three-year set-offs did not violate the *Ex Post Facto* Clause. In addition, the Magistrate Judge noted that the law in effect at the time of Ashcraft's offense did not call for annual parole reviews, but for reviews "at such intervals as the Board may determine," and so setting this interval at three years could not violate the *Ex Post Facto* Clause.[1] The Magistrate Judge stated that Ashcraft had received a copy of the reasons for his parole denial, as shown by the fact that Ashcraft had attached a copy of these reasons to his response to the answer. Finally, the Magistrate Judge cited Fifth Circuit and Texas Court of Criminal Appeals case law in saying that Ashcraft was not eligible for release on mandatory supervision because he is serving a life sentence. The Magistrate Judge therefore recommended that Ashcraft's petition be dismissed and that Ashcraft be denied a certificate of appealability.

Ashcraft filed objections to the Magistrate Judge's Report on June 17, 2009. In his objections, Ashcraft first states that under state and federal law, he has a right to be tried under the law in effect when the offense was committed, and if convicted, to be punished under that law, unless a later law ameliorates this punishment, in which case he is to be punished under the more lenient law unless he elects to receive the original punishment. Whether or not this statement accurately expresses the law, Ashcraft has not shown that it was violated; the timing of parole review hearings is not part of the "punishment" imposed. *See* Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Instead, Ashcraft was punished through a sentence of life in prison, on which sentence he would become eligible for parole after service of 20 years, with parole reviews being given at such intervals as the Texas Board of Pardons and Paroles would determine. He has not shown that this punishment has changed in any way.

The Fifth Circuit has specifically held that Texas prisoners convicted prior to 1987 do not have a constitutional right to annual parole reviews, and that the failure to grant such reviews does

---

[1] The law provided that upon becoming eligible for parole, the *initial* parole review had to take place within one year, but that later reviews would take place at such intervals as the Board determined.

not violate the Due Process Clause or the *Ex Post Facto* Clause. Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995); *see also* California Department of Corrections v. Morales, 514 U.S. 499 (1995). This was, in part, because the law did not set intervals for parole reviews, but merely stated that they would be done "at such intervals as the Board directs." Ashcraft seeks to distinguish Morales by arguing that the case refers to California law rather than Texas law; however, the Supreme Court held in that case that an alteration in the time in between parole reviews did not itself implicate the *Ex Post Facto* Clause, a holding which directly impacts Ashcraft's claim in this case. Ashcraft's claim that the change in his parole reviews from one year to three years violates due process and the *Ex Post Facto* Clause is without merit.

Next, Ashcraft argues that he has a liberty interest in release on parole. He says that in 1987, the Texas parole laws changed to include mandatory language, which he says granted this liberty interest. While this law was modified in 1989 to remove the mandatory language, Ashcraft says that the 1987 law granted an irrevocable liberty interest to him, and to all inmates whose offenses were committed on or before the date of repeal of the law.

This argument runs directly counter to Fifth Circuit case law, which has repeatedly and specifically held that Texas inmates have no liberty interest in parole. The Court addressed the effect of the 1987 law and the 1989 modification of this law in Creel v. Keene, 928 F.2d 707 (5th Cir. 1991). In that case, the Fifth Circuit expressed "grave doubts" as to whether the 1987 law actually created a liberty interest at all, but said that in any event, any such liberty interest was extinguished in 1989. Like Ashcraft, the petitioner in that case had been convicted prior to enactment of the 1987 law but sought to claim its benefits, but his claim was rejected by the Fifth Circuit. Ashcraft's claim fails for the same reason; his contention that the 1987 law created a liberty interest which could not be revoked is contrary to the Fifth Circuit's holding in Creel and thus is without merit.

With regard to his claim concerning mandatory supervision, Ashcraft says that the mandatory supervision law in effect at the time of the commission of the offense provided that a prisoner who is not on parole or serving a death sentence shall be released to mandatory supervision when the

3

calendar time served plus any accrued good conduct time equals the maximum term to which he is sentenced, and that calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less. Based on this, Ashcraft argues that the law is clear that inmates serving life sentences must be released on mandatory supervision after the service of 20 years in prison. He does not contest the Magistrate Judge's conclusion that because of the nature of his conviction, good time does not apply to his sentence, but argues that he has already served 20 calendar years and so should be eligible for release on mandatory supervision.

The actual text of the mandatory supervision law in effect at the time of the commission of Ashcraft's offense and effective until September 1, 1987, reads as follows:

> A prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of the institution from which he was released but shall be amenable to the orders of the board.

Tex. Code Crim. Pro. art. 42.18, sec. 8(c).

The version of the law which went into effect on September 1, 1987, and was in effect at the time of Ashcraft's conviction in 1988 reads as follows:

> Except as otherwise provided by this subsection, a prisoner who is not on parole, except a person under sentence of death, shall be released to mandatory supervision by order of the board when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced. If a prisoner is serving a sentence for an offense listed in Subdivision (1) of Subsection (a) of Section 3g of Article 42.12 of this code, or if the judgment for the offense contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, the prisoner may not be released to mandatory supervision. A prisoner released to mandatory supervision shall, upon release, be deemed as if released on parole. To the extent practicable, arrangements for the prisoner's proper employment, maintenance, and care shall be made prior to his release to mandatory supervision. The period of mandatory supervision shall be for a period equivalent to the maximum term for which the prisoner was sentenced less calendar time actually served on the sentence. The time served on mandatory supervision is calculated as calendar time. Every prisoner while on mandatory supervision shall remain in the legal custody of

the institution from which he was released but shall be amenable to the orders of the board.

As can be seen, neither version of the statute contains language setting out a 20-year requirement. In fact, this language is not found in Article 42,18, Section 8(c), referring to mandatory supervision, but in Section 8(b), referring to eligibility for parole. The portion of Section 8(b) applicable to Ashcraft reads as follows:

> A prisoner under sentence of death is not eligible for parole. If a prisoner is serving a sentence for the offenses listed in Subdivision (1), Subsection (a), Section 3g, Article 42.12 of this code, or if the judgment contains an affirmative finding under Subdivision (2) of Subsection (a) of Section 3g of that article, he is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals one-third of the maximum sentence or 20 calendar years, whichever is less, but in no event shall he be eligible for release on parole in less than two calendar years. All other prisoners shall be eligible for release on parole when their calendar time served plus good conduct time equals one-third of the maximum sentence imposed or 20 years, whichever is less.

Tex. Code Crim. Pro., art. 42.18, sec. 8(b) (Vernon 1986).

Ashcraft is serving a sentence containing a finding of a deadly weapon, and so he is not eligible for parole until his actual calendar time served, without consideration of good time, equals one-third of the maximum sentence or 20 calendar years. While he says that the 20-year provision also applies to eligibility for release on mandatory supervision, the plain language of the statute does not read that way; this provision appears only in the section relating to parole, not in the section relating to mandatory supervision.

As the Magistrate Judge observed, the Texas Court of Criminal Appeals and the Fifth Circuit have both held that under Texas law, inmates serving life sentences are not eligible for release on mandatory supervision because it is mathematically impossible to compute when the calendar time served, plus any accrued good conduct time if the inmate is eligible to count such time, equals a life sentence. Ex Parte Franks, 71 S.W.3d 327 (Tex.Crim.App. 2001); Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002). Ashcraft recognizes these cases, but says that they were incorrectly decided. This Court is bound by the decisions of the Fifth Circuit, and so until such time as the Fifth Circuit overturns Arnold, the district courts must apply the holding that Texas inmates serving life sentences

5

are ineligible for release on mandatory supervision. Ashcraft's objection on this ground is without merit.

Finally, Ashcraft recapitulates his claims, arguing that he has been denied due process because the Texas Court of Criminal Appeals' decision in Franks was wrong and erroneously failed to consider the full statute, he was granted a liberty interest in release on parole in 1987, which liberty interest will continue to exist until his sentence expires, and the enactment of new laws governing the frequency of parole consideration hearings violates the *Ex Post Facto* Clause and deprives him of "statutory and fundamental rights." All of these claims have been considered and are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition and memorandum in support, the answer filed by the Respondent, the Petitioner's response to the answer, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner David Ashcraft is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 22nd day of June, 2009.**

6

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE